Reese, J.
delivered the opinion of the court.
The defendant, Morris, in a petition to the circuit court, alleged that two judgments by the plaintiff obtained against him before a justice of the peace, had, after their rendition, been satisfied by payment. The correctness of the judgments themselves was not questioned, but the petition alleged that executions had been issued upon the judgments after such satisfaction by payment. A writ of supercedeas, to stay pro-* ceedings upon the executions was prayed, and ajso a writ of certiorari to bring up into the circuit court the executions, to. the end that they might be quashed, and the executions only were brought up. A jury having been empannelled and sworn to enquire and say whether the defendant, Richard Morris, had paid the executions in the petition mentioned, as alleged in the petition, found that he had not so paid; upon which the court gave judgment against him for the costs,, and awarded a procedendo to the justice that he issue executions, &c. From this judgment the plaintiff has appealed to this court, on the ground that he was entitled to a judgment in the circuit court against the defendant in the executions, and against his securities in the supersedeas and injunction bond, for the sums in the executions mentioned, with interest, &c.
The second section of the act of 1817, c 119, provides, that when any cause shall be brought up by certiorari or appeal from an inferior to a superior jurisdiction, and the same, shall be dismissed for want of prosecution, or for other causes, it shall be the duty of the court dismissing the same to, enter judgment against the principal and his securities for the amount of the judgment below, with costs, and twelve and, one half per cent, interest from the date of said judgment. *253 This act intended to enlarge the remedy given by the act of 1807, c 81, § 2, which gave the judgment against the pal, and the petitioner and his securities, only when “cast in the cause,” which had been construed to apply to a trial on. the merits only, and not to a case where the writ was dismissed for want of prosecution or other cause. But it is obvious that the cases provided for in the act of 1807 and 1817 contemplate ihe bringing up the cause from the inferior to the superior jurisdiction for the purpose of re-investigating the correctness of the judgment, as if an appeal from such judg-. ment had been taken. But in the case before the court the proceeding was in the nature of an audita querela; the original judgment was not impugned, it was not removed, if un-. paid, it remained unpaid, and to have given one in the circuit court, would have been to have had two judgments in different tribunals in force for the same claim. We think the course adopted by the circuit court was correct and affirm the judgment.
Judgment affirmed.